IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENETTA SMITH, RANDON SMITH, her husband, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 00-1972 ) |
| BURROWS CORPORATION, | ) ) ) |
| Defendant. | ) |

MEMORANDUM ORDER

CONTI, District Judge

Pending before the court is the motion for summary judgment (Doc. No. 15) filed by defendant Burrows Corporation ("defendant" or "Burrows"). Defendant argues that the claims of plaintiffs Lenetta Smith ("plaintiff wife" or "Lenetta Smith") and Randon Smith ("plaintiff husband," and together with plaintiff wife collectively referred to as "plaintiffs") should be dismissed because they are barred by Pennsylvania's two-year statute of limitations for tort actions. After reviewing defendant's motion for summary judgment and brief in support thereof, plaintiffs' response, defendant's reply brief, and this court's order directing defendant's statement of material facts be deemed admitted, the court will grant defendant's motion for summary judgment in its entirety for the reasons set forth below.

*Background*

Lenetta Smith was employed as a licensed practical nurse ("LPN") with Brookville Hospital (the "hospital") from 1990 until 1995. Def.'s Stat. of Mat. Facts ("D.S.F.") (Doc. No. 18) ¶ 6.[1] Plaintiffs' complaint alleges that on August 14, 1995, in the course of Lenetta Smith's employment at the hospital, she had contact with a latex tourniquet manufactured by defendant. Id. ¶ 7. The complaint further alleges that Lenetta Smith developed symptoms of urticaria, a feeling of fullness in her throat, redness and blisters as a result of her contact with the latex tourniquet. Id. ¶ 8. Lenetta Smith was treated for her symptoms with epinephrine and steroids in the local emergency room. Id. ¶ 8.

Plaintiff wife's reaction to the latex tourniquet on August 14, 1995, was not her first negative experience with latex products. In 1993, plaintiff wife experienced a rash and water blisters on her hands, as well as hand swelling and itching, after wearing latex gloves at the hospital. Id. ¶¶ 12-13. Plaintiff wife reported this incident to both the registered nurse in charge and the infection control official at the hospital. Id. ¶¶ 14-15. Plaintiff wife attributed the eczema she subsequently developed to wearing the latex gloves, and, as a result stopped wearing latex gloves following the 1993 incident. Id. ¶¶ 11, 16.

---

[1] On May 23, 2005, this court issued an order to show cause directing plaintiffs to file a responsive concise statement of material facts in accordance with Local Rule 56.1C.1. That rule requires a party opposing summary judgment to file a responsive concise statement of material facts within 30 days of service of the movant's motion for summary judgment. Despite the court's order to show cause (Doc. No. 23), plaintiffs did not comply with the court's order to show cause and did not file a responsive concise statement. As a result, the court entered an order on June 24, 2005, which stated that the statement of material facts filed by defendant (Doc. No. 18) was deemed admitted pursuant to LR 56.1E for purposes of ruling upon defendant's pending motion for summary judgment (Doc. No. 24). Accordingly, the facts set forth in the Background section of this opinion are those contained in defendant's statement of material facts.

In 1994, plaintiff wife experienced another reaction to latex gloves. Id. ¶ 17. Plaintiff wife was assisting Dr. Chapa, a surgeon, in the Intensive Care Unit ("ICU") of the hospital. When Dr. Chapa removed a pair of latex gloves in plaintiff wife's presence, plaintiff wife developed respiratory discomfort, swollen itchy eyes, a barky cough, and hives. Id. ¶¶ 18-20. Plaintiff wife was aware at that time that Dr. Chapa's gloves were latex. Id. ¶ 19. Plaintiff wife's supervisor, Linda Martin, observed her symptoms and advised her to take Benedryl. Id. ¶ 21.

The pending dispute arose out of an incident on August 14, 1995, in which plaintiff wife experienced an allergic reaction to latex while visiting her friend, Karen Long, who was a patient in the OB/GYN section of the hospital. Id. ¶ 24. During her visit, plaintiff wife was asked by the attending nurse, Tammy Smith, to assist her in starting an intravenous line on Ms. Long. Id. ¶ 25. After plaintiff wife handled a latex tourniquet that Tammy Smith gave to her, plaintiff wife developed difficulty breathing, a barky cough, and swollen eyes and face. Id. ¶¶ 25-26. Tammy Smith then informed plaintiff wife that the tourniquet was a latex tourniquet. Id. ¶ 27. Plaintiff wife's supervisor subsequently instructed her to go to the emergency room to have her symptoms treated. Id. ¶ 28. In the emergency room, the attending physician informed plaintiff wife that the latex tourniquet caused her reaction. Id. ¶ 29. Specifically, the attending physician diagnosed plaintiff wife as having suffered a "probable allergic reaction." Id. ¶ 30. Three days later, on August 21, 1994, plaintiff wife completed and signed a Brookville Hospital Incident Report. Id. ¶ 31. Plaintiff wife's incident report stated that she "was asked to look for an IV site on a patient and handed a latex tourniquet," and that she "had an allergic reaction to the latex" which caused "eyes...to swell and itch, tingling of face and swelling of cheeks." Id. ¶ 32.

On September 20, 1995, plaintiff wife consulted Dr. Mirro, an allergist. Id. ¶ 33. Plaintiff wife provided Dr. Mirro with her medical history that included a twenty-year history of mild symptoms of allergic rhinitis. Id. ¶ 34. Plaintiff wife also told Dr. Mirro that for the last ten years or more she developed itchy swollen lips when blowing up balloons. Id. ¶ 34. Plaintiff wife further informed Dr. Mirro that she tried to avoid latex gloves at work, that she had no problems with non-latex gloves, and that her symptoms with latex had increased in the past year. Id. ¶ 34. On December 19, 1995, plaintiff wife saw Dr. Fireman, another allergist. Id. ¶ 36. Plaintiff wife recounted her medical history for Dr. Fireman. Plaintiff wife informed Dr. Fireman that around the time she started wearing latex gloves for work, she noticed the development of a rash with blisters, redness, and itching on her hands. Id. ¶¶ 36-37. Plaintiff wife told Dr. Fireman that her symptoms were diagnosed as contact dermatitis, and she switched to non-latex gloves. Id. ¶ 37. On July 15, 1996, plaintiff wife signed a stipulation regarding her workers' compensation case for latex allergy in the presence of her attorney. Id. ¶¶ 38-39. The first paragraph of the stipulation stated, "the claimant, Lenetta Joyce Smith, sustained a work-related latex dermatitis/allergy on 8-14-95 while in the employ of…Brookville Hospital." Id. ¶ 40.

Plaintiffs commenced this action by filing a writ of summons in state court on September 8, 1997. Id. ¶ 1. Plaintiffs subsequently filed a complaint alleging claims of strict liability and negligence with respect to plaintiff wife, and loss of consortium against defendant with respect to plaintiff husband. Id. ¶ 2. On October 2, 2000, defendant removed the case to federal court. Following the completion of fact discovery, defendant brought a motion for summary judgment against plaintiffs arguing that plaintiffs' claims were barred by Pennsylvania's two-year statute of

limitations. Plaintiffs dispute that the statute of limitations ran on their claims and assert that the statute of limitations was tolled.

### *Standard of Review*

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249. The court may consider any material or evidence that would be admissible or usable at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (citing WRIGHT AND MILLER, FEDERAL PRACTICE § 2721); Pollack v. City of Newark, 147 F.Supp. 35, 39 (D.N.J. 1956), aff'd, 248 F.2d 543 (3d. Cir. 1956), cert.denied, 355 U.S. 964 (1956) ("in considering a motion for summary judgment, the court is entitled to consider exhibits and other papers that have been identified by affidavit or *otherwise made admissible in evidence*.") (emphasis added).

*Analysis*

**I.      The Pennsylvania statute of limitations applicable to personal injury claims**

Plaintiffs' tort-based claims are subject to Pennsylvania's two-year statute of limitations, 42 PA. CONS. STAT. ANN. § 5524. Ordinarily, the limitations period "begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). An exception known as the discovery rule, however, "arises from the inability of the injured, despite the exercise of due diligence, to know of the injury or its cause." Id. Under such circumstances, "[w]here the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." Hayward v. Medical Center of Beaver County, 608 A.2d 1040, 1043 (Pa. 1992). "Conversely, if the existence of the injury and cause thereof are reasonably ascertainable within the two-year statutory period, the discovery rule does not apply and no tolling occurs." Baumgart v. Keene Building Products Corp., 666 A.2d 238, 240 (Pa. 1995).

**II.     Plaintiffs' claims are barred by the statute of limitations**

The parties agree that plaintiff wife's strict liability claim (count I) and negligence claim (count II), and plaintiff husband's loss of consortium claim (count III) are subject to the two-year statute of limitations set forth in 42 PA. CONS. STAT. ANN. § 5524. The parties differ as to whether the statute of limitations was tolled in this case by the discovery rule. Defendant argues that Lenetta Smith was aware of her injury on the date her allergic reaction occurred (August 14,

1995), and that she was required to file the writ of summons on or before August 14, 1997. In contrast, plaintiffs argue that Lenetta Smith could not have reasonably ascertained the basis of her injury until September 20, 1995, the date of her diagnosis. As a result, plaintiffs contend that the two-year statute of limitations was tolled by the discovery rule until September 20, 1997, and that the writ of summons filed by plaintiffs on September 8, 1997, was timely filed.

Examining the facts of record, it is clear that plaintiffs could have reasonably ascertained that plaintiff wife's injury occurred during the prescribed statutory period. In this respect, plaintiff wife's past interaction with latex gloves is particularly instructive. In 1993, plaintiff wife experienced a rash and water blisters on her hands, hand swelling, and itching while working at the hospital. At the time of that incident, plaintiff wife knew she was wearing latex gloves. Plaintiff wife reported this incident to her supervisors and discontinued wearing latex gloves. In 1994, following a separate incident in which she was exposed to a surgeon's latex gloves, plaintiff wife suffered respiratory problems, swollen itchy eyes, a barky cough, and hives. The present case is similar to plaintiff wife's past experiences with latex allergies. In this case, plaintiff wife sought emergency room treatment for urticaria, a feeling of fullness in her throat, redness and blisters after touching a latex tourniquet. Plaintiff wife was aware of her past medical history, and she was aware that the tourniquet was latex. The attending emergency room physician at the hospital diagnosed plaintiff wife as having suffered a "probable allergic reaction" to latex. Given the plaintiff wife's background as a nurse, personal medical history, and diagnosis of "probable latex allergy," plaintiffs could have reasonably ascertained that she suffered an injury because of her contact with the latex tourniquet.

Plaintiffs' contention that the limitations period was tolled until she received a final diagnosis of latex allergy on September 20, 1995, is inconsistent with applicable Pennsylvania law. As noted by the United States Court of Appeals for the Third Circuit in a decision applying Pennsylvania law: "A definitive diagnosis of an injury is not necessary to start the statute of limitations running in a personal injury or wrongful death action." Debiec v. Cabot Corp., 352 F.3d 117, 132 (3d Cir. 2003). Plaintiff wife could have reasonably ascertained that she suffered a latex-based injury on August 14, 1995, the date she sought emergency room treatment. Plaintiff wife had at least two prior experiences as a result of her exposure to latex, and the symptoms she developed after being exposed to latex on August 14, 1995, were consistent with her past exposure. At the very latest, however, it was clear to plaintiff wife by August 21, 1995 – the date that she signed a hospital incident report which stated that she "had an *allergic reaction to the latex* [tourniquet]" which caused "eyes...to swell and itch, tingling of face and swelling of cheeks" – that she suffered an injury that started the applicable statute of limitations. D.S.F. ¶ 32 (emphasis added). The fact that plaintiff wife was not diagnosed with a latex allergy until September, 20, 1995, does not toll the running of the limitations period.

In the instant case, the Pennsylvania two-year statute of limitations applicable to personal injuries began to run, at the very latest, on August 21, 1995. Plaintiff wife knew of her injury by August 21, 1995, and she could have reasonably ascertained with due diligence the cause thereof during the two-year statutory limitations period. Plaintiffs did not file the writ of summons in this case until September 8, 1997, more than two years after the statutory limitations period

began to run. As a result, the court finds that the claims in plaintiffs' complaint are untimely and are barred by the applicable statute of limitations.[2]

### *Conclusion*

And now this 31st day of August 2005, upon consideration of the motion for summary judgment filed by defendant, The Burrows Company, (Doc. 15), **IT IS ORDERED** that defendant's motion is **GRANTED**.

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of defendant, The Burrows Company, and against plaintiffs, Lenetta Smith and Randon Smith.

The clerk shall mark this case closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

---

[2] The court disagrees with plaintiffs that summary judgment should be denied because the point at which plaintiffs should have been reasonably aware that she suffered an injury is a factual determination for the jury. See Hayward v. Medical Center, 608 A.2d 1040, 1043 (Pa. 1992). In that decision, the Pennsylvania Supreme Court held that "the point at which the complaining party should reasonably be aware that he has suffered an injury is generally an issue of fact to be determined by the jury." Id. The court further noted, however, that "only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law." Id. In this case, the court finds that, based upon the undisputed factual record, the facts are so clear that no reasonable juror could find that the plaintiffs' claim should be tolled under the discovery rule. Plaintiff wife had a prior history of exposure to latex that resulted in similar symptoms in the past. More strikingly, however, plaintiff wife signed the hospital incident report on August 21, 1995, which clearly stated that she had an allergic reaction to latex on August 14, 1995. This admission by plaintiff wife is fatal to plaintiffs' claims because it reveals that there is no dispute that plaintiff wife was unaware of her injury. See Baumgart v. Keene Bldg. Products Corp., 666 A.2d 238, 241 (Pa. 1995) (Zappala, J., opinion in support of affirmance) (writing for an equally divided court, Justice Zapalla stated the appellant was aware of an injury as a matter of law within the two-year statutory period in part because the appellant filed a workers' compensation claim alleging the specific injury). Based upon the undisputed factual record before the court, the court finds as a matter of law that summary judgment is appropriate in the present case.

cc:     counsel of record